**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alfredo SARMIENTO–SANCHEZ,**
**Defendant–Appellant.**

No. 05–20751
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 12, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Robert James Fickman, Houston, TX, for Defendant–Appellant.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

**8**

PER CURIAM: *

Alfredo Sarmiento–Sanchez (Sarmiento) appeals his guilty plea conviction and 57–month sentence for illegally reentering the United States after having been previously deported. Sarmiento argues that the district court plainly erred by enhancing his base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) based upon a determination that his Texas conviction for delivery of a controlled substance was a drug trafficking offense.

■ The district court erred by enhancing Sarmiento's offense level under § 2L1.2(b)(1)(A)(i) based upon his prior Texas conviction for delivery of a controlled substance. *See United States v. Gonzales,* 484 F.3d 712 (5th Cir.2007). As in *Gonzales,* the district court's error is plain, and the sentence must be vacated and the case remanded for resentencing.

■ Sarmiento also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Sarmiento contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* 546 U.S. 919, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Sarmiento properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the conviction is AFFIRMED. The sentence is VACATED and the case REMANDED for resentencing.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.